IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| WHITELINE EXPRESS, LTD. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**COMES NOW,** Richard Bell ("Named Plaintiff"), on behalf of himself and those similarly situated nationwide ("Collective Action Plaintiffs"), by and through undersigned counsel, and files this, his Original Complaint against his employer Defendant Whiteline Express, Ltd. (herein, "Defendant" or "Whiteline"), and in support thereof would show as follows:

## I.
## INTRODUCTION

1. Named Plaintiff and those similarly situated either worked or currently work in the position of "Shuttle Driver" or "Local Shuttle Driver" for Defendant.

2. Plaintiff, on behalf of himself and all others similarly situated employed by Defendant as a "Shuttle Driver," "Local Shuttle Driver," or other job title performing substantially similar job duties as Plaintiff throughout the United States in the two years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest, and injunctive relief under the provisions of the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

3. For at least two years prior to the filing of this Complaint, Defendant has willfully violated and is presently violating the provisions of the FLSA by employing employees, such as Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for work weeks longer than forty hours and holidays without compensating such employees, including Plaintiff, for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

4. This collective action consists of current and former non-exempt "Shuttle Drivers," "Local Shuttle Drivers," or those with other job titles performing substantially similar job duties as Plaintiff who worked for Defendant in the two years preceding the filing of this suit and who were not properly paid overtime compensation at time and one-half for hours they worked over forty in a work week in violation of the FLSA, and whose job duties include driving a shuttle vehicle to deliver empty bottles to predetermined locations scheduled by Defendant.

5. Named Plaintiff initiates the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Defendant intentionally failed to compensate Named Plaintiff and Collective Action Plaintiffs for wages earned while in the employment of Defendant.

6. Plaintiff has not received the overtime pay in accordance with the FLSA and Defendant has continued to fail to provide overtime pay in accordance with the FLSA.

7. As a result of Defendant's unlawful actions, Named Plaintiff and Collective Action Plaintiffs have been harmed.

# II.
# JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and thus seeks redress for violations of a federal law. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce ...." This Court has supplemental jurisdiction over related state law claims because such claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

9. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has employed and entered relationships with Plaintiff and other Collective Action Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice. Damages sought are within the jurisdictional limits of this Court.

10. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is doing business in said District.

# III.
# PARTIES

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Named Plaintiff is an adult individual residing in the State of Texas.

13. Defendant Whiteline Express Ltd. is a foreign for-profit corporation and may be served with process by serving its registered agent for service in the State of Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

14. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

15. At all relevant times, Defendant has employed, and continues to employ, employees including Plaintiff and each of the nationwide FLSA Collective Action Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

16. At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

17. At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## IV.
## FACTUAL BACKGROUND

18. The foregoing paragraphs are incorporated herein as if set forth in full.

19. Richard Bell, Named Plaintiff, is an employee of Whiteline Express, Ltd. from June 19, 2015 to the present.

20. The putative class which the Named Plaintiff and Collective Action Plaintiffs fall under can be best described as Shuttle Drivers.

21. Defendant Whiteline operates in the commercial trucking transportation field.

22. Through its operations, Whiteline administers transportation services in several states.

23. These states include, but are not limited to, Texas, Michigan, Ohio, and Illinois.

24. Defendant maintains control, oversight, and direction over the operation of its terminals and offices, including employment practices.

25. Defendant maintains and exercises the power to hire, fire, and discipline Plaintiff and those similarly situated.

26. Shuttle Drivers, including Named Plaintiff and Collective Action Plaintiffs, did not exercise independent business judgment in their positions working for Defendant. Specifically, they were not operating their own business; rather, they were economically dependent upon Defendant.

27. Shuttle Drivers, including Named Plaintiff and Collective Action Plaintiffs and those similarly situated must comply with Defendant's policies and procedures in performing their work.

28. Upon information and belief, Defendant also maintained employment records of the Shuttle Drivers, including Named Plaintiff and Collective Action Plaintiffs. Shuttle Drivers, including Named Plaintiff and Collective Action Plaintiffs, were instructed exactly how the work must be completed.

29. As a part of their operations, Defendant employs individuals whose job title is that of a "Shuttle Driver" or "Local Shuttle Driver." The services provided by the Shuttle Drivers, including Named Plaintiff and Collective Action Plaintiffs, were an integral part of Whiteline's business. Providing transportation services is the sole aim of Whiteline. Defendant hired Shuttle Drivers to provide said services.

30. Though their job titles may vary, the primary function of these employees is to drive the shuttle vehicles in a localized area delivering plastic materials for Defendant. Plaintiff specifically delivers empty bottles from a plant to a storage facility.

31. In doing so, these employees work twelve (12) hour shifts which are either from 7:00 A.M. to 7:00 P.M. or from 7:00 P.M to 7:00 A.M.

32. Plaintiff and similarly situated employees currently perform, or have performed, the job duties described in paragraphs 30, and 31 within the past two years for Defendant.

33. These employees are non-exempt workers under the FLSA.

34. These employees normally work in excess of forty hours per week and holidays.

35. Although these employees worked more than forty hours per week and holidays, they were not compensated for overtime hours at one and one-half times their appropriate regular rate.

36. Named Plaintiff, Richard Bell, was a typical victim of Whiteline's uniform practice of unpaid overtime. For example, Mr. Bell worked in excess of 40 hours a week and worked a holiday in the month of July 2016. However, despite working in excess of 40 hours during a week and working a holiday, Mr. Bell was not properly compensated as required by the FLSA and Whiteline's employee handbook. During a week pay period in July 2016, Mr. Bell worked 48 hours at a flat rate of $18.00 per hour or $144.00 per day. He was not paid proper overtime compensation for the eight (8) excess hours. Instead, he was paid his normal hourly rate. In total, over the past two years, Mr. Bell is owed in excess of $4,000.00 for unpaid overtime compensation. Additionally, for the holiday pay he was only compensated $75.00 in additional pay for a full day of work. These are just some examples of the many times that Whiteline failed to pay Mr. Bell and those similarly situated for overtime and holidays worked.

37. As non-exempt employees, Plaintiff and those similarly situated, were entitled to be paid time-and-a-half for all hours worked in excess of forty in a work week. Accordingly, Defendant's practice of failing to pay overtime compensation is a clear violation of the FLSA.

38. No exemption excuses Defendant from paying proper overtime rates for hours worked over forty.

39. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

40. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is two years prior to the filing of this action, and continuing thereafter.

41. Defendant failed to comply with the FLSA in that Plaintiff and those similarly situated performed work for Defendant for which no provisions were made by Defendant to pay Plaintiff and those similarly situated overtime compensation for those hours worked in excess of forty hours within a work week.

42. Plaintiff has retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## V.
## COLLECTIVE ACTION ALLEGATIONS

**A.** **Collective Action Definition and Questions of Law and Fact**

43. Plaintiff is seeking to certify one collective action under the FLSA.

44. The Collective Action Plaintiffs are defined as the following:

   **(a)** A nationwide class of all persons who worked or work for Defendant and who were/are subject to Defendant's unlawful pay practices and policies, including failure to pay for overtime, at any point from two (2) years prior to the class certification. Collective Action Plaintiffs were hired by

Plaintiff Richard Bell's Original Complaint   Page 7 of 13
D/967211v1

Defendant to perform transportation services, including but not limited to, driving local shuttles for Defendant.

**B.     Questions of Law and Fact for Collective Action Plaintiffs**

45.     Questions of law and fact that are common to the members of the collective predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the collective are:

    (a)     whether Defendant has violated the Fair Labor Standards Act;

    (b)     whether Defendant's actions were "willful" as defined by the Fair Labor Standards Act; and

    (c)     whether Defendant failed to compensate Plaintiffs at least the federal minimum hourly wage during the compensable time.

**C.     Collective Action Is An Appropriate Method of Adjudication**

46.     A collective action is an appropriate method, if not a superior method, which will fairly and efficiently adjudicate this controversy. Individual joinder of all members of the class is impractical, if not impossible. Furthermore, as the compensatory damages suffered by many individual members of the class are relatively small, the expense and burden of individual litigation would make it difficult, if not impossible, for those individual members to redress the wrongs done to them by a major corporation such as Defendant.

47.     The cost to the court system of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical or similar complex factual issues of the case. By contrast, the conduct of this action as a collective action presents fewer management difficulties, conserves the resources of the parties and the court system, protects the rights of each collective action member and maximizes recovery to them.

48. Other employees have been victimized by this pattern, practice, and policy of Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

49. Plaintiff brings the first claim for relief on behalf of all persons who worked for Defendant as a "Shuttle Driver" or other job titles performing substantially similar job duties as Plaintiff, at any time two (2) years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit ("Collective Class").

50. Upon information and belief, Defendant paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week. Defendant did not pay them proper overtime compensation for all hours worked beyond forty per week.

51. Though their job titles may vary, members of the Collective Class drive shuttle vehicles in a localized area. The primary function of these employees is to transport materials to and from predetermined locations for Defendant.

52. Plaintiff and those similarly situated shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

53. Specific job titles do not prevent collective treatment.

54. Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

55. Defendant's pattern of failing to pay proper overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiff and the Collective Class.

56. Although the issue of damages may be individual in character, there is no

detraction from the common nucleus of liability facts.

57. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated nationwide who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

58. Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

59. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

60. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

61. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VI.
## CAUSES OF ACTION

**A.    Count One - Violation of the Fair Labor Standards Act**

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Plaintiff and all others similarly situated are non-exempt employees.

64. Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of forty hours worked during each seven (7) day work week.

65. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of one and one-half times the appropriate regular rate.

66. During Plaintiff's employment, he routinely worked well in excess of forty hours per week. Even though Plaintiff and all others similarly situated worked well in excess forty hours per week, Defendant has failed to properly pay Plaintiff and all others similarly situated for those hours worked in excess of forty per week.

67. Additionally, during Plaintiff's employment, he routinely worked holidays. Even though Plaintiff and all others similarly situated worked holidays, Defendant has failed to properly pay Plaintiff and all others similarly situated for those hours worked on holidays.

68. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number hours worked per work week by Plaintiff and other similarly situated employees.

69. Plaintiff and all others similarly situated seek all unpaid overtime and holiday compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.
## JURY DEMAND

70. Plaintiff respectfully demands a jury.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff Richard Bell, and all those similarly situation to them who have or will opt into this action, respectfully pray that this

Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following:

    a.    unpaid overtime wages for all hours worked in excess of forty hours in a work week at the rate of one and one-half times regular rates;

    b.    unpaid holiday rate wages at the rate of one and one-half times regular rates;

    c.    liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

    d.    reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    e.    pre-judgment and post-judgment interest at the highest rates allowed by law; and

    f.    such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

BY: */s/ Timothy Micah Dortch*

**TIMOTHY M. DORTCH**
State Bar No. 24044981
Micah.Dortch@cooperscully.com
**JAMES J. BOURGEOIS**
State Bar No. 24081442

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

and

BY: */s/ Tom Carse*

**TOM CARSE**
State Bar No. 00796310
tom@carselaw.com

**CARSE LAW FIRM**
6220 Campbell Road, Ste. 401
Dallas, Texas 75248
Telephone: (972) 503-6338
Facsimile: (972) 503-6348

**ATTORNEYS FOR PLAINTIFF RICHARD BELL**